```
DANIEL J. BRODERICK, #89424
Federal Defender
JEFFREY L. STANIELS, Bar #91413
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
JACOB DANIEL COBB
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 2:10-cr-0290 FCD |
| ) | |
| Plaintiff, ) | |
| ) | STIPULATION AND ORDER CONTINUING |
| v. ) | CASE AND EXCLUDING TIME |
| ) | |
| CECILIO MENDEZ-PRIETO, and ) | Date: January 10, 2011 |
| JACOB DANIEL COBB, ) | Time: 10:00 a.m. |
| ) | Judge: Hon. Frank C. Damrell |
| Defendants. ) | |
| ) | |

**IT IS HEREBY STIPULATED** by and among Assistant United States Attorney Michael M. Beckwith, Counsel for Plaintiff, Assistant Federal Defender Jeffrey L. Staniels, Counsel for Defendant Jacob Cobb, and Erin Radekin, Counsel for Defendant Cecilio Mendez-Prieto that the status conference now set for January 10, 2011, be vacated and the matter continued to March 21, 2011, at 10:00 a,m for further status conference.

This continuance is sought to permit further investigation and pursuit of other aspects of defense preparation and in light of various counsel's interim schedules, including Mr. Staniels' unavailability for purposes of attending to this case for substantial parts of February due to his need to prepare to participate in aspects of an extended

motion hearing scheduled before this court commencing on February 28, 2011, in United States v. Harrison Jack, et. al., No. 2:07-cr-0266 FCD.

It is further stipulated that time for trial under the Spepdy Trial Act be excluded between January 10, 2011, and March 21, 2011, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), Local Code T-4, for defense preparation and continuity of counsel.

Mr. Staniels has been authorized by all counsel to sign and file this stipulation and proposed order.

**IT IS SO STIPULATED.**

Dated: January 5, 2011         /s/ Michael Beckwith
                               MICHAEL BECKWITH
                               Assistant U.S. Attorney
                               Counsel for Plaintiff

Dated: January 5, 2011         /s/ Jeffrey L. Staniels
                               JEFFREY L. STANIELS
                               Assistant Federal Defender
                               Attorney for Defendant
                               JACOB DANIEL COBB

Dated: January 5, 2011         /s/ Erin Radekin
                               ERIN JOLENE RADEKIN
                               Attorney for Defendant
                               CECILIO MENDEZ-PRIETO

**O R D E R**

The attached stipulation of counsel for a continuance of the above case is hereby approved.  The status conference scheduled for January 10, 2010, is **vacated.**  A further status conference is hereby calendared for March 21, 2011, at 10:00 a.m.

Time for trial under the Speedy Trial Act is excluded from the time within which trial must commence from January 10, 2011, until

1  March 21, 2011, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), Local Code
2  T-4 for defense preparation and continuity of counsel.
3  **IT IS SO ORDERED.**
4  By the Court,
5
6  Dated:  January 6, 2011
7  FRANK C. DAMRELL, JR.
   UNITED STATES DISTRICT JUDGE

```
 1  DANIEL J. BRODERICK, #89424
    Federal Defender
 2  JEFFREY L. STANIELS, Bar #91413
    Assistant Federal Defender
 3  Designated Counsel for Service
    801 I Street, 3rd Floor
 4  Sacramento, California 95814
    Telephone: (916) 498-5700
 5  Attorney for Defendant
    JACOB DANIEL COBB
 6
    ERIN JOLENE RADEKIN, #214964
 7  Law Offices Erin J. Radekin
    A Professional Corporation
 8  428 J Street
    Suite 350
 9  Sacramento, CA 95814
    Attorney for Defendant
10  CECILIO MENDEZ-PRIETO

11  BENJAMIN B. WAGNER
    United States Attorney
12  MICHAEL M. BECKWITH
    Assistant U.S. Attorney
13  501 I Street
    Suite 10-100
14  Sacramento, CA 95814
    Attorney for Plaintiff
15
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CECILIO MENDEZ-PRIETO, and<br>JACOB DANIEL COBB,<br><br>　　　　　Defendants. | No. 2:10-cr-0290 FCD<br><br>[PROPOSED] **PROTECTIVE ORDER**<br><br>**UNDER SEAL**<br><br>Judge:　Hon. Kendall J. Newman<br>　　　　　(In Chambers) |

**A.　REASON FOR AND SCOPE OF PROTECTIVE ORDER**

All counsel acknowledge that discovery of a sensitive nature Bates

1

stamped "0001" through "0014" has been provided to both defense counsel.  Specifically counsel agree that unauthorized further dissemination of information contained in this discovery raises concerns for the physical safety of each defendant. Pursuant to the provisions of Federal Rule of Criminal Procedure 16(d), it has been agreed by all counsel that the following terms govern further dissemination and disclosure of the contents of this discovery.

**B.   LIMITATIONS AS TO FURTHER DISCLOSURE OF THE ABOVE LISTED DISCOVERY.**

1.   Subject only to more specific terms listed below, no disclosure of the contents of pages 0001 through 0010 of this discovery will be made by defense counsel and no written copies of this material will be provided to any person who is not engaged by defense counsel to aid in the representation of one of the above named defendants.

2.   To the extent that disclosure to other members of the defense teams of either defense counsel is permitted under this order, no such disclosure will be made except to persons who previously have agreed, by signing a copy of this order, to be bound by its terms.

3.   Each attorney undertakes to maintain a copy of this order together with any required additional signatures in their files.

4.   This protective order will remain in effect during and after the termination of this case except as may be modified by further order of the court.

5.   Mr. Staniels undertakes and agrees not to disclose to his client or to anyone other than lawyers and investigators in his own office anything contained in pages 0001 through 0003 except upon later application to the court, with notice to the government and Ms. Radekin, and approval by the court.

2

1    6.  Both Ms. Radekin and Mr. Staniels undertake and agree not to
2 disclose to their respective clients or to anyone except persons who
3 may be assisting in the defense of this case and who have undertaken in
4 writing to be bound by the terms of this order the fact that the other
5 attorney's client in this case have expressed a willingness to consider
6 cooperating with the government.

7    7.  Ms. Radekin undertakes and agrees not to disclose to any other
8 person any of the contents commencing with paragraph 9, on page 0006
9 through the end of page 0010.

10   8.  Ms. Radekin further undertakes and agrees not to provide a
11 written copy of pages 0004 through 0006 to her client or to any other
12 person except persons engaged to assist her in defending her client and
13 who have previously agreed in writing to be bound by the terms of this
14 order.

15   9.  Ms. Radekin undertakes and agrees not to disclose to any other
16 person the following portions of pages 0004 through 0006:

17        a.  The last sentence of the synopsis on p. 0004.

18        b.  The last sentence of paragraph 5 on p. 0005.

19        c.  That portion of the first sentence of paragraph 7 on page
20 0006 commencing with the word "whom" on line 1 and ending with the word
21 "Mendez" on line 3.

22   10. Ms. Radekin undertakes and agrees not to disclose to anyone
23 other than her own client the source of the information contained in
24 paragraphs 4, 5, and 6, on page 0005.  Except for the last sentence of
25 paragraph 5, which Ms. Radekin has undertaken not to disclose to anyone
26 (see item 9.b., above), Ms. Radekin is free to discuss the contents of
27 these three paragraphs with her client and to allow him to read the

3

paragraphs in her presence for the purpose of providing appropriate counsel and representation. HOWEVER, under no circumstances shall she allow her client to take possession of a written copy of these paragraphs.

**IT IS SO ORDERED.**

By the Court,

Dated: August ____, 2010

Hon. KENDALL J. NEWMAN
United States Magistrate Judge

4

```
 1  DANIEL J. BRODERICK, #89424
    Federal Defender
 2  JEFFREY L. STANIELS, Bar #91413
    Assistant Federal Defender
 3  Designated Counsel for Service
    801 I Street, 3rd Floor
 4  Sacramento, California 95814
    Telephone: (916) 498-5700
 5  Attorney for Defendant
    JACOB DANIEL COBB
 6
    ERIN JOLENE RADEKIN, #214964
 7  Law Offices Erin J. Radekin
    A Professional Corporation
 8  428 J Street
    Suite 350
 9  Sacramento, CA 95814
    Attorney for Defendant
10  CECILIO MENDEZ-PRIETO

11  BENJAMIN B. WAGNER
    United States Attorney
12  MICHAEL M. BECKWITH
    Assistant U.S. Attorney
13  501 I Street
    Suite 10-100
14  Sacramento, CA 95814
    Attorney for Plaintiff
15
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>CECILIO MENDEZ-PRIETO, and<br>JACOB DANIEL COBB,<br><br>        Defendants. | No. 2:10-cr-0290 FCD<br><br>[PROPOSED] **PROTECTIVE ORDER**<br><br>**UNDER SEAL**<br><br>Judge:   Hon. Kendall J. Newman<br>           (In Chambers) |

**A.   REASON FOR AND SCOPE OF PROTECTIVE ORDER**

All counsel acknowledge that discovery of a sensitive nature Bates

3

stamped "0001" through "0014" has been provided to both defense counsel.  Specifically counsel agree that unauthorized further dissemination of information contained in this discovery raises concerns for the physical safety of each defendant. Pursuant to the provisions of Federal Rule of Criminal Procedure 16(d), it has been agreed by all counsel that the following terms govern further dissemination and disclosure of the contents of this discovery.

**B.   LIMITATIONS AS TO FURTHER DISCLOSURE OF THE ABOVE LISTED DISCOVERY.**

1.   Subject only to more specific terms listed below, no disclosure of the contents of pages 0001 through 0010 of this discovery will be made by defense counsel and no written copies of this material will be provided to any person who is not engaged by defense counsel to aid in the representation of one of the above named defendants.

2.   To the extent that disclosure to other members of the defense teams of either defense counsel is permitted under this order, no such disclosure will be made except to persons who previously have agreed, by signing a copy of this order, to be bound by its terms.

3.   Each attorney undertakes to maintain a copy of this order together with any required additional signatures in their files.

4.   This protective order will remain in effect during and after the termination of this case except as may be modified by further order of the court.

5.   Mr. Staniels undertakes and agrees not to disclose to his client or to anyone other than lawyers and investigators in his own office anything contained in pages 0001 through 0003 except upon later application to the court, with notice to the government and Ms. Radekin, and approval by the court.

4

1    6.  Both Ms. Radekin and Mr. Staniels undertake and agree not to disclose to their respective clients or to anyone except persons who may be assisting in the defense of this case and who have undertaken in writing to be bound by the terms of this order the fact that the other attorney's client in this case have expressed a willingness to consider cooperating with the government.

7.  Ms. Radekin undertakes and agrees not to disclose to any other person any of the contents commencing with paragraph 9, on page 0006 through the end of page 0010.

8.  Ms. Radekin further undertakes and agrees not to provide a written copy of pages 0004 through 0006 to her client or to any other person except persons engaged to assist her in defending her client and who have previously agreed in writing to be bound by the terms of this order.

9.  Ms. Radekin undertakes and agrees not to disclose to any other person the following portions of pages 0004 through 0006:

    a.  The last sentence of the synopsis on p. 0004.

    b.  The last sentence of paragraph 5 on p. 0005.

    c.  That portion of the first sentence of paragraph 7 on page 0006 commencing with the word "whom" on line 1 and ending with the word "Mendez" on line 3.

10. Ms. Radekin undertakes and agrees not to disclose to anyone other than her own client the source of the information contained in paragraphs 4, 5, and 6, on page 0005.  Except for the last sentence of paragraph 5, which Ms. Radekin has undertaken not to disclose to anyone (see item 9.b., above), Ms. Radekin is free to discuss the contents of these three paragraphs with her client and to allow him to read the

5

paragraphs in her presence for the purpose of providing appropriate counsel and representation. HOWEVER, under no circumstances shall she allow her client to take possession of a written copy of these paragraphs.

**IT IS SO ORDERED.**

By the Court,

Dated: August ____, 2010

Hon. KENDALL J. NEWMAN
United States Magistrate Judge

6